# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 15, 2014

## STATE OF TENNESSEE v. AIVAR LANG

**Direct Appeal from the Circuit Court for Marshall County**
**No. 2012-CR-181      Lee Russell, Judge**

---

**No. M2013-01839-CCA-R3-CD - Filed February 3, 2014**

---

The Defendant, Aivar Lang, pled guilty to one count of possession of drug paraphernalia, a Class A misdemeanor, and agreed to allow the trial court to determine his sentence. After a sentencing hearing, the trial court sentenced him to eleven months and twenty-nine days in the county jail. On appeal, the Defendant contends that his sentence is excessive. After a thorough review of the record and applicable authorities, we conclude that no error exists in the sentence imposed by the trial court, but a corrected judgment form is required. Therefore, the sentence is affirmed, and we remand the case for correction of a clerical error in the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Case Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and THOMAS T. WOODALL, J., joined.

William J. Harold, Lewisburg, Tennessee, for the appellant, Aivar Lang.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley Edward Bernard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

The Marshall County grand jury indicted the Defendant, Aivar Lang, for two counts of possession of drug paraphernalia, one count indicted as a Class E felony and the other as

a Class A misdemeanor.

## A. Guilty Plea Hearing

During the guilty plea hearing, the trial court reviewed with the Defendant his guilty plea petition. The trial court noted that the proposed plea agreement contemplated that the Defendant would plead guilty to Count 2, the misdemeanor charge of possession of drug paraphernalia, and that the State would dismiss Count 1, the felony charge of possession of drug paraphernalia. Further, the agreement provided that the trial court would set the Defendant's sentence.

The State then informed the trial court that the factual basis supporting the charge was as follows:

> The witnesses [in this case] are available, where they were called to the stand, and they testified on June 4th, 2012, that agents of the 17th District Drug Task Force obtained search warrants, and executed that search warrant at the [D]efendant's mother's residence here in Marshall County, Tennessee.
>
> They did this based upon some information they'd received from Bedford County. In a case where they made a controlled purchase from the bait shop, of what we commonly know as synthetic marijuana.
>
> The[y] raided the bait shop, and they obtained both what I would call prepackaged synthetic drugs and homemade synthetic drugs in zip-lock bags.
>
> Upon consultation with the owner of the bait shop, she disclosed where she was receiving these from, that being the [D]efendant. She was giving him money and he was supplying her with both those types of drugs. And she was selling it in Shelbyville. That was what caused the search warrant to be obtained. On execution of that search warrant, they found several items, such as green plant material that's used as a basis for making synthetic marijuana. They found flavoring. They found several other items that[ ][are] listed in the indictment, that[ ] [are] part of the production.
>
> We have a witness who will testify that he was there and present, and would tell the Court and the jury how [the Defendant], he witnessed [the Defendant] and assisted [the Defendant] in the preparation in what I call the homemade, synthetic marijuana . . . .

2

The trial court ensured that the Defendant understood his rights and then accepted the Defendant's "best interest" guilty plea to one count of misdemeanor possession of drug paraphernalia.

## B. Sentencing Hearing

At the Defendant's sentencing hearing, the trial court reviewed the presentence report, which showed that the Defendant had previously been convicted twice of possession with intent to sell a Schedule VI drug, marijuana, in an amount between ten and seventy pounds. The Defendant received a four-year probationary sentence for each of those convictions. The Defendant also had three prior convictions for the sale of marijuana. He was sentenced to two years of probation for each of those three prior convictions. The Defendant pled guilty to all of his prior convictions simultaneously, and his total effective sentence was six years of probation beginning May 15, 2009.

After reviewing the report and the arguments of counsel, the trial court found:

[This conviction] does carry up to 11/29.

[ ][I]n return for pleading open to the misdemeanor [the State] dispose[d] of the felony.

So, to say he gets credit for not putting us through a jury trial, we didn't go through a jury trial, that is true. He got considerable benefit from that. But, the enhanc[ement] factors are not mandatory when we are talking about a misdemeanor but they are instructive. He does have a history, a prior history of drug convictions, two of which involved over 10 pounds of marijuana but over a short period of time, December and January, one right after the other.

So it is a short period of time on the one hand but some very significant drug activity on the other.

He was still on probation at the time he committed this offence [sic].

And I am going to find that enhanc[ement] factor[s] 1, 8 and 13 are in fact all present. I am going to sentence him to 11 months and 29 [days] at 75 percent.

I am going to waive any fine in that situation unless it is mandatory.

3

. . . .

> He is certainly not a candidate for alternative sentencing given this history. If it were a felony . . . there would be a presumption in favor of it. I think that would be well overcome under these circumstances with his p[a]st record.

The trial court ordered that the Defendant's sentence run consecutively to his sentences for his previous convictions. The judgment form entered by the trial court does not reflect the 75% minimum service ordered by the trial court, and therefore, we are remanding the case to the trial court for correction of the clerical error in the judgment.

## II. Analysis

On appeal, the Defendant contends that his sentence is excessive. He asserts that his sentence was not appropriate under the facts as stated in the record. He asserts that the "totality of the circumstances" was such that it did not warrant the sentence imposed. The Defendant points out that his felony convictions occurred several years before and that he has no other convictions on his record.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the sentencing statutes. *See State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). While a separate sentencing hearing is not mandatory for misdemeanor sentencing, the trial court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35302(a). The trial court must sentence the misdemeanor offender to a determinate number of hours, days, or months, and fix a percentage of that sentence for the offender to serve, after which the offender becomes eligible for rehabilitative programs. Tenn .Code Ann. § 40-35-302(d). In determining the percentage of the sentence, the trial court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. *Id.* The misdemeanor sentencing statute grants the trial court the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). This

4

court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See Carter*, 254 S.W.3d at 346.

The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). While the Tennessee Supreme Court has not addressed whether the *Bise* and *Caudle* standard of review apply to misdemeanor sentencing, this court has applied the abuse of discretion with a presumption of reasonableness standard of review in misdemeanor sentencing cases. *See, e.g., State v. Michael Glen Walsh*, No. E2012-00805-CCA-R3-CD, 2013 WL 1636661, at *4 (Tenn. Crim. App. Apr.17, 2013), *no perm. app. filed*; *State v. Sue Ann Christopher*, No. E2012-01090-CCA-R3-CD, 2013 WL 1088341, at *7 (Tenn. Crim. App. Mar.14, 2013), *perm. app. denied* (Tenn. June 18, 2013). Therefore, we will apply that standard of review in this case. We note that the supreme court has previously held that the sentencing court is entitled to considerable latitude in misdemeanor sentencing. *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App.1998) (citing *State v. Troutman*, 979 S.W.2d 271, 273 (Tenn.1998)).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A trial court should base its decision regarding any sentence involving confinement on the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses;
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2010). Furthermore, the trial court should examine the defendant's potential for rehabilitation or lack thereof when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5).

As the trial court noted, the Defendant had multiple prior felony convictions, although those offenses all occurred close in time to each other. The Defendant was on probation for

those offenses at the time that he committed the offense in this case. The Defendant has not shown that the trial court abused its discretion when it sentenced him to serve eleven months and twenty-nine days in the county jail.

### III. Conclusion

Based on the record and aforementioned authorities, we conclude that trial court did not err when it sentenced the Defendant. As such, the trial court's judgment is affirmed, but the case is remanded for correction of the clerical error in the judgment.

_____
ROBERT W. WEDEMEYER, JUDGE